THE PEOPLE, PLAINTIFF AND APPELLEE, *v.* LÓPEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Breach of Peace.

No. 875.—Decided July 29, 1915.

This appeal having come on for hearing on July 16, 1915, after considering the transcript of the record in which there is no statement of the case or bill of exceptions, and it not appearing that any fundaemntal error was committed or alleged, this court affirmed the judgment of the District Court of Humacao of November 17, 1914.

The appellant did not appear.

*Mr. Salvador Mestre, fiscal,* for the appellee.

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.

Mr. Justice Wolf dissented.

DISSENTING OPINION OF MR. JUSTICE WOLF.

I dissent from the judgment of the court in this case.

The complaint sets forth "that on the 9th of August, 1914, at 8.30 p. m., and on Falcón Street of San Lorenzo, P. R., of the Judicial District of San Lorenzo, and within the Judicial District of Humacao, P. R., the defendant voluntarily and wilfully, and at a moment when a procession was going through the streets of this town shouted, 'Down with Muñoz Rivera,' with which phrases he disturbed the peace of the persons in such procession."

It is conceded that the words "Down with Muñoz Rivera" standing alone would not be a breach of the peace, but it is argued by the *fiscal* that the phrase "with which phrases he disturbed the peace of the persons in such procession" in connection with the fact that there was a procession going by, makes a statement of fact that these *"mueras"* resulted in a disturbance of the peace of the persons in the procession, Muñoz Rivera being Commissioner for Porto Rico at Washington and a very prominent political leader. A hundred different complaints could be recited where similar words at the end merely are formal conclusions naming the crime with which the defendant was charged. In any event the final words are a conclusion of law and a pleading should state facts. If there is a disturbance of the peace the elements making it should be brought before the court by the complaint. Otherwise a complaint stating that a defendant caused a disturbance of the peace of Juan González would be sufficient. The complaint is otherwise defective in not showing the nature of the procession or the persons whose peace was disturbed.

The judgment should have been reversed and the defendant acquitted.